John Auer, Frances Auer v. Commissioner.
Auer v. Commissioner
Docket No. 33100.
United States Tax Court
1952 Tax Ct. Memo LEXIS 29; 11 T.C.M. (CCH) 1141; T.C.M. (RIA) 52335; November 25, 1952
*29 John W. Whiteleather, Esq., for the petitioners. Robert F. O'Malley, Esq., for the respondent. TURNER Memorandum Findings of Fact and Opinion TURNER, Judge: The respondent determined a deficiency in income tax against the petitioners for the year 1948 in the amount of $177.84. The question presented is whether the petitioners are entitled to a deduction for traveling expenses and expenses in connection with tools used in trade. Findings of Fact The petitioners are husband and wife and, with their two minor children, reside in Columbia City, Indiana. They filed their joint 1948 income tax return with the collector of internal revenue for the district of Indiana. John Auer, hereinafter referred to as the petitioner, is a heavy duty construction mechanic and works mostly on Diesel motors. During the taxable year he was employed by two road construction companies. From January 1 to the latter part of July, he worked for the Rieth-Riley Construction Company, of Goshen, Indiana, which is approximately forty miles from Columbia City. During that period the company had several road construction jobs at different locations, which included South Bend, Indiana, and Niles *30 and Kalamazoo, Michigan. The company maintained regular mechanics on the different jobs and the petitioner, as head mechanic, was sent from job to job to supervise and check their work. When there were no road construction jobs for the petitioner to work on, he did repair work at the company's warehouse in Goshen. For such work, he drove back and forth from Columbia City. The petitioner left the Rieth-Riley Construction Company the latter part of July, and was thereafter employed by the Calumet Paving Company, which had its principal place of business in Indianapolis, Indiana. This company was also engaged in heavy road construction work, and at that time had a job at Warsaw, Indiana. As Warsaw is not far from Columbia City, the petitioner drove back and forth from his home to his work. The petitioner's duties were similar to those he rendered for his former employer. The Calumet Paving Company had other construction work during the latter part of 1948, at or near Terre Haute, Indiana, and Harrisburg, Pennsylvania. When there were no road jobs on which to work, the petitioner made repairs at the company's warehouse in Indianapolis. The petitioner furnished his own tools in such *31 employment, and was not reimbursed by his employers for any expenses incurred in connection with the tools. Such tools ranged in cost from less than one dollar to $35 to $40. Some lasted less than a year, and some longer. Heavy tools, such as special gear pullers, were furnished by the employer. On the petitioners' joint income tax return for 1948, income from Calumet Paving Company, Warsaw, Indiana, was reported in the amount of $2,642.96, and from Rieth-Riley Construction Company, Goshen, Indiana, in the amount of $2,774.99. A deduction was claimed in the amount of $1,187, and was explained in a statement attached to the return, as follows: Taxpayer was required to be away from [home]
33 weeks during year due to nature of em-
ployment.
Deductible expenses: Lodging
$ 297.00
Added cost of meals
330.00
Small tools (annual exp.)
500.00
$1,127.00
Transportation of tools
60.00
$1,187.00
The respondent disallowed the entire deduction of $1,187. The petitioner determined and reported his income tax for 1948 from the table contained in section 400 of the Internal Revenue Code. The petitioner had no records for the taxable *32 year with which to show the different jobs on which he worked for his employers, the length of time he was on each job, the money expended for travel, lodging and meals, in connection therewith, or the specific amounts he paid for tools or for their transportation. The petitioner was away from his home on work for his employers during the taxable year for a period totaling sixteen weeks, during which time he expended an average of $9 a week for lodging, or a total of $144, and $10 a week for meals, or a total of $160. Opinion The petitioner has not shown the amounts expended for traveling expenses while away from home in connection with work for his employers, but has estimated that he was away from home on such work for thirty-three weeks during the taxable year, and that he expended an average of $9 a week for lodging, and $10 a week for board. Such rates for board and room certainly appear to be reasonable. The petitioner offers nothing, however, to corroborate his statement that his traveling expenses cover a period of thirty-three weeks. We have a recitation of a number of places where some jobs were located and a very generalized estimate as to the total time away from *33 home on these jobs. Accepting his statement that his duties did take him away from home on various occasions, and noting that under the statute he would be entitled to a deduction for the traveling expenses incurred, we still do not know the amount incurred. In the circumstances, we can only apply the Cohan rule, by finding some amount, as best we can, from the evidence, but bearing heavily against the petitioner, because he has not borne his burden of proof as to amount. Cohan v. Commissioner, 39 Fed. (2d) 540. The petitioner testified that, during the first half of the year, or up to the latter part of July, he worked on several jobs for the Rieth-Riley Construction Company, and at other times during that period worked at the company's home location of Goshen, which was within driving distance of the petitioner's home at Columbia City. He mentioned that the company had larger jobs at South Bend, Indiana, and Niles and Kalamazoo, Michigan; and smaller jobs at other places not named. Whether there were other locations close enough to Columbia City, such as Goshen was, for the petitioner to travel back and forth to his work, he did not say. We do note that South Bend *34 and Niles are approximately twenty-three and thirty-four miles, respectively, from Goshen, and there could have been many times when the petitioner drove back and forth to those places, instead of spending the nights there. In fact, the petitioner has not shown whether he traveled back and forth from Goshen to those places, which he could easily have done because of the comparatively short distances. We also note that the petitioner, in reporting the income received from the Calumet Paving Company, which was his employer from about August 1 until the end of the taxable year, gave that company's address as Warsaw, Indiana. He testified that its headquarters was at Indianapolis, but that it had a job at Warsaw when he began working for the company, and that he drove back and forth from his home to that job. Although he further testified that after working at Warsaw for some time the company had started shifting him around to other jobs, he does not state when that shifting started, and we can only conclude from the statement he made on his income tax return and from his testimony at the trial, that during his employment with the Calumet Paving Company, in the taxable year, he was engaged *35 most of the period on the Warsaw job. We conclude, as we have found as a fact, that the petitioner, during the taxable year, worked away from home for a period totaling sixteen weeks, during which time he expended $144 for lodging, and $160 for meals. It appears from an examination of his income tax return that the petitioner reported his income and computed his tax under the provisions of section 400 of the Internal Revenue Code. The tax shown by the return was the amount taken from the statutory table based upon adjusted gross income. In arriving at adjusted gross income, under section 22 (n) of the Code, no allowance is made for the character of deduction claimed by the petitioner with respect to tools and the transportation thereof. Decision will be entered under Rule 50.